## J. J. BLACKWOOD AND ANOTHER *vs.* W. L. CLAWSON.

The Supreme Court will not reverse an order of the Circuit Court directing an issue to be made up, and submitted to a jury, to determine whether a judgment is satisfied, it being discretionary with the Circuit Judge whether, in such a case, he will order an issue to be made up, or decide the facts himself.

BEFORE THOMAS, J., AT YORK, MARCH TERM, 1870.

Appeal from an order of the Circuit Judge, directing an issue to be made up, and submitted to a jury, to determine whether the judgment in this case was satisfied.

It appeared by the affidavit of Clawson that the judgment of Blackwood, and another, against him, was recovered on a sealed note given by L. P. Sadler & Co., principals, and Clawson and others, sureties; that after the judgment was recovered, some creditors of L. P. Sadler & Co. instituted proceedings in equity against the firm, to subject certain real estate to their claims, alleging it to be partnership property; that the creditors of the firm were called in, and the sealed note proved as one of the debs of the firm; that a decree was made, in or about the year 1861, declaring the real estate to be partnership property, and ordering it to be sold by the Commissioner, and the proceeds applied to the payment of the partnership debts that had been proved; that it was sold by the Commissioner, and the proceeds paid to him in "State bills and Confederate Treasury notes," and that the proceeds were sufficient, "or nearly so," to satisfy the debts of the partnership.

The owner of the judgment made an affidavit, in which he stated that an appeal was taken from the decree in equity; that said appeal was pending in the Court of Appeals until the close of the late war, and that it operated to prevent the Commissioner from paying out the proceeds of the sale of the real estate. Other facts were also stated in the affidavit.

Clawson, the actor in the motion, contended that the Commissioner of the Court of Equity was the agent of the creditors who proved their claims, and that payment of the proceeds of the sale to him operated *pro tanto* as satisfaction of their claims. In behalf of the owner of the judgment this position was controverted, and it was further submitted that the receipt by the Commissioner of Confederate States Treasury notes could in no view operate as payment.

His Honor made a written order, in which he stated the points in dispute between the parties, both of law and fact, and concluded as

follows: " Having some doubts upon these various points, which might be more clearly set forth upon an investigation of the cause, it is ordered that an issue be made up, in which W. I. Clawson shall be the actor, and John M. Ross, surviving Executor of John Blair, deceased, the defendant, to try the question as to whether the judgment, and *fi. fa.* in this case has been satisfied; and if not wholly satisfied, what balance should yet be paid by W. I. Clawson.

The owner of the judgment appealed, and now moved this Court to reverse the order of the Circuit Judge, on several grounds, in which supposed errors, both of law and fact, were stated.

*Wilson & Moore,* for appellant.

*Smith, Hart,* contra.

July 6, 1871. The opinion of the Court was delivered by

WRIGHT, A. J. An enquiry into the propriety of the order granted by the Circuit Judge, from which the appeal is taken, would involve this Court into an examination of all the facts on which the satisfaction of the judgment is averred on the one side and denied on the other. We are without jurisdiction on questions of fact, and even if we were invested with it, we have, in the matter in hand, no mode by which we could bring the facts before us on which to form a judgment.

The Circuit Judge, himself, without resorting to the course which he pursued, could only have heard the return to the rule, when controverted by affidavits on the respective sides; and this would have been a most unsatisfactory mode of adjusting matters which, being affirmed before him, meets with a direct denial.

It is not improbable that, finding a difficulty in arriving at a conclusion in his own mind free from doubt, he desires to have the issues of fact settled by a jury, so that he could apply the legal principles by which, in his judgment, the motion should be governed. The grounds on which the appeal is based aver error or misunderstanding, on the part of the Judge, of the facts stated in his order, and it is chiefly by reason of them that we are asked to reverse it.

Is it expected that this Court will hear an argument on the facts to be developed through an examination of the Equity cases in which it is said the payment of the judgment was provided for, or do that which the Circuit Court has directed to be done by a jury, and then decide the question of payment, which the Circuit Judge has

refused to do, until aided by the verdict of a jury? Suppose we set aside the order which he has made, then the question of satisfaction still remains undecided, and the Circuit Judge would be compelled to decide it upon the facts set forth in the motion for the rule, and the return to it, when, by the order, he has said that he has "doubts upon these various points which might be more clearly and distinctly set forth upon an investigation of the cause."

It might be that, in our judgment, there was enough before him to have justified a decision on the points presented by the rule, and answered by the return. If the proposition had simply been the obligation of the plaintiff in the judgment to have accepted payment of his debt in Confederate States Treasury notes, and that the Commissioner in Equity was the agent of the appellant, who was a creditor brought before the Court of Equity by an order to establish his demand, it is possible that, as mere questions of law, this Court would not have had much difficulty in their solution. We cannot, however, say that the Circuit Judge was wrong in not abstracting them from all the facts submitted by both sides, and resting his judgment alone on them. The order is to be viewed as an admission by him that he was in too much doubt to act more without the aid of a jury.

Under the Act of 1817, 6 Stat. at Large, 61, he had the right to submit the matter to a jury.

It was purely an exercise of discretionary authority; and how can this Court, when the statute confers on him the power to decide the question of payment, or refer it to a jury, limit the discretion by saying that, without a jury, he shall decide it himself.

Nor do we see how the respondent will be prejudiced by the course adopted. The issue will be tried before the same Judge who ordered it; and if he errs in his instructions to the jury, in the law which they are to apply to the facts, it will be competent for either party, through proper exceptions, to have access to this Court.

*Willard,* A. J., concurred.

*Moses,* C. J., absent at argument.